UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DIVISION ONE FOODS, INC., | § |
| *Plaintiff*, | § § § |
| v. | §  Civil Action No. 3:20-CV-02065-X |
| PIZZA INN, INC., | § § § |
| *Defendant*. | § § |

### MEMORANDUM OPINION AND ORDER

Division One Foods, Inc. (Division One) brings this action against Pizza Inn, Inc., (Pizza Inn) alleging that Pizza Inn breached its contract with Division One. Pizza Inn moved to dismiss. [Doc. No. 7]. As explained below, the Court **DENIES** the motion to dismiss.

### I. Factual Background

Pizza Inn entered into three contracts with Division One: one in 1992, one in 1995, and one in 1997. Each contract concerns Division One's service to Pizza Inn as its area developer. Since the execution of those agreements, Division One developed more than fifty Pizza Inn restaurants. Each contract is subject to an initial twenty-year term with two automatic five-year renewals.

This dispute arises from Section 19 of the contracts. Division One argues that Section 19 of the contracts requires Pizza Inn to provide notice prior to termination of the agreement, which Division One claims Pizza Inn failed to do. Unsurprisingly,

1

Pizza Inn disagrees with that interpretation of Section 19. Pizza Inn claims that although the contract contemplates notice, actually giving notice is not a *requirement*.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[1] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[3] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[4] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' "[5]

---

[1] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.*; see also *Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[5] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Determining whether a contractual ambiguity exists is a question of law which courts can decide at the motion to dismiss stage.[6] In this case, Texas law controls.[7] And so this Court looks to the laws of Texas to determine whether the contract is ambiguous. Under Texas law, the "prime directive" in interpreting a written contract "is to ascertain the parties' intent as expressed in the instrument."[8] Courts may look to parol evidence only "where a contract is first determined to be ambiguous."[9] A contract is ambiguous only when "the contract language is susceptible to two or more reasonable interpretations."[10] When a contract is not ambiguous, "the court will construe the contract as a matter of law."[11]

---

[6] *See IberiaBank Corp. v. Illinois Union Ins. Co.*, 953 F.3d 339, 348 (5th Cir. 2020) (noting that courts may interpret contracts at the motion to dismiss stage); *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 707 (5th Cir. 2020) (affirming the district court's denial of a motion to dismiss because the contract contained an ambiguity and one could reasonably interpret the contract either way); *AXA Art Americas Corp. v. Pub. Storage*, 208 F. Supp. 3d 820, 830 (S.D. Tex. 2016) (granting a motion to dismiss with prejudice because the contract's terms unambiguously prevented recovery).

[7] Section 32 of the 1992 and 1995 agreements and Section 33 of the 1997 agreement provide that actions arising out of the agreements or the relationship created therefrom shall be litigated under the laws of Texas and be brought in an appropriate court with venue in Dallas County, Texas. Doc. No. 1, Exhibit A at 21; Doc. No. 1, Exhibit B at 20; Doc. No. 1, Exhibit C at 20.

[8] *URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 757 (Tex. 2018).

[9] *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *see also Sun Oil (Delaware) v. Madeley*, 626 S.W.2d 726, 732 (Tex. 1981) ("If a written contract is so worded that it can be given a definite or certain legal meaning, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which on its face, is capable of being given a definite, certain legal meaning.").

[10] *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 157 (Tex. 2003).

[11] *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

### III. Analysis

*Determining Ambiguity*

Pizza Inn argues that Section 19 lays out a permissive framework for addressing and curing defaults prior to termination. The Court disagrees. The sentence at issue reads "[Pizza Inn] may give [Division One] thirty (30) days written notice to cure . . . or such longer period as may be required by law."[12] The Court understands that the permissive *may* normally grants discretion.[13] But here, "may" does not grant discretion in the manner Pizza Inn claims it does.

The Court must consider the entire text,[14] not merely an isolated sentence, as Pizza Inn suggests. The full text of the 1992 contract reads:

> *In the event* Area Developer, within thirty (30) days or such longer period as therein may be specified following receipt of such notice, shall not have (a) cured the event of default or (b), except for the payment of royalties and fees and compliance with the Development Schedule set forth in Paragraphs 4 and 33, undertaken action to cure the event of default and thereafter shall have proceeded diligently to cure such default (provided, however, in no event shall such cure period extend for more than one hundred eighty (180) additional days), *then* Company may terminate this Agreement and all of Area Developer's rights granted herein automatically will terminate and vest in Company.[15]

Instead of outlining a permissive scheme that allows Pizza Inn to choose to give notice to Division One, Section 19 provides Pizza Inn discretion in choosing whether to give Division One thirty days' notice or some longer period prior to

---

[12] Doc. No. 1, Exhibit A at 16.

[13] ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 112 (2012).

[14] *Id.* at 167 (explaining the Whole-Text Canon).

[15] Doc. No. 1, Exhibit A at 16 (emphasis added).

termination.  In other words, notice prior to termination is not discretionary—only the amount of time between the two is.

The Court finds additional support for this interpretation in the Surplusage Canon (*verba cum effectu sunt accipienda*).[16]  Simply, the Court must give effect to every word and provision and should not interpret a provision in a way that causes it to have no consequence.  If the Court were to interpret the contracts in accordance with Pizza Inn's argument, then Section 19 would be rendered mere surplusage.

A similar analysis applies to Section 19 of the 1995 and 1997 agreements.  Both the 1995 and 1997 agreements read:

> [Pizza Inn] may give [Division One] thirty (30) days written notice to cure same, or such longer notice period as may be required by law or deemed appropriate by [Pizza Inn].  If any such events of default have not been completely cured by the requisite notice period, then [Pizza Inn] may terminate this Agreement and all of [Division One]'s rights granted herein will automatically terminate and vest in [Pizza Inn].[17]

Here, the permissive "may" remains as it did in the 1992 agreement.  "May" does not refer to whether Pizza Inn may provide notice or not, but rather whether the notice Pizza Inn may provide is thirty days or some longer period.  Again, context makes this interpretation clearer when looking at the succeeding sentence, where the Section refers to the "requisite notice period."[18]  Requisite, here, means that the notice

---

[16] Scalia & Garner, *supra*, 174.

[17] Doc. No. 1, Exhibit B at 15; Doc. No. 1, Exhibit C at 14.

[18] *Id.*

period is required.[19]  The only discretion vested in Pizza Inn is whether that notice period should last thirty days or some time longer.

The Court recognizes that when looking at one sentence in isolation, there exists potential ambiguity.  But when looking at the language in context, the Court finds that there exists only one reasonable interpretation.  Therefore, the Court finds that the contract is not ambiguous, and Pizza Inn was required to give notice to Division One prior to termination.

### *Damages Pleading*

Pizza Inn claims that Division One failed to adequately plead the damages element of its breach of contract claim.  Pizza Inn notes that to satisfy Rule 12(b)(6)'s pleading requirements, Division One may not rely on "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[20]  But Division One argues that it satisfied Rule 12(b)(6)'s requirements.  The Court agrees with Division One.  The complaint explains that "Pizza Inn abruptly terminated the three Area Developer Agreements, without cause, on July 12, 2020."[21]  The complaint also notes that "Division One was entitled to receive one-half of all royalties, franchise fees, and transfer fees generated by all the Pizza Inn restaurants located in its territories."[22]  These two facts, read together, result in the conclusion contained in

---

[19] *Requisite*, MERRIAM-WEBSTER.COM DICTIONARY, Merriam Webster (2021), https://merriam-webster.com/dictionary/requisite (defining *requisite* as "needed for a particular purpose: essential, necessary.").

[20] *Twombly*, 550 U.S. at 555.

[21] Doc. No. 1 at 1.

[22] Doc. No. 1 at 4.

Paragraph 47: "Because Pizza Inn terminated the Agreements without providing Division One notice and opportunity to cure, Pizza Inn breached the Agreements and Division One suffered damages as a result."[23] Therefore, the Court finds that Division one adequately pled damages and its pleadings survive the 12(b)(6) standard.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED** this 27th day of July 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[23] Doc. No. 1 at 6.